IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID LEE ARP, | ) | 8:06CV630 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

   Plaintiff filed a complaint to review and set aside a decision under the Social Security Act on September 29, 2006 (filing 1).  On March 14, 2007, after Plaintiff filed a brief on the merits, Defendant filed a motion to reverse and remand the case pursuant to sentence four of 42 U.S.C. § 405(g) (filing 17), which I construe as a concession of error at the administrative level that brings into question the decision below.  Plaintiff, however, has filed an objection to the motion and has moved for the entry of an order reversing and remanding the case for payment of benefits (filing 18).

   Defendant's motion states that the Appeals Council of the Social Security Administration has determined that remand is appropriate for further consideration of Plaintiff's claim, as follows:

   Upon receipt of the Court's remand order, the Appeals Council will remand this case to a different Administrative Law Judge (ALJ) and Plaintiff will be given an opportunity to submit any updated or additional information concerning his impairment.  The ALJ will give further consideration to all physical and mental impairments and evaluate Plaintiff's mental impairment consistent with the requirements contained in the Commissioner's regulations at 20 C.F.R. §§404.1520a and 416.920a (2006), with specific findings and appropriate rationale.  The ALJ will also

give further consideration to Plaintiff's credibility and work activity. If warranted, mental health professional evidence will be obtained to clarify the severity of any mental impairments. Supplemental vocational expert evidence will also be obtained to clarify the effect of the assessed limitations on the occupational base of jobs.

While Plaintiff claims "there is ample medical evidence supporting Plaintiff's claim that, since 7/18/02 he has been unable to engage in substantial gainful activity by reason of severe and disabling mental illness," I conclude after reviewing Plaintiff's brief and the administrative record that the appropriate course of action is to remand the case for further proceedings before a different ALJ. Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), I shall reverse and remand this matter to Defendant for proper consideration and reevaluation of the evidence, as stated in Defendant's motion.

IT IS ORDERED that:

1) Defendant's motion to remand (filing 17) is granted;

2) Plaintiff's objection and motion to remand (filing 18) is denied;

3) This matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) in order to allow Defendant to reevaluate Plaintiff's claim; and

4) Judgment shall be entered by separate document.

April 9, 2007.                    BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge