IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID LEE ARP, | ) | 8:06CV630 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On April 9, 2007, this Social Security case was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  On April 30, 2007, Plaintiff was awarded attorney fees in the amount of $1,795.62 for 11.05 hours of work pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  Now pending before the court is a motion filed by Plaintiff's counsel for an award of attorney fees under 42 U.S.C. § 406(b),[1] in the amount of $16,921.75.  (Filing 26.)

---

[1]Section 406(b) provides in part:

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In support of the Section 406(b) motion, Plaintiff's counsel has filed evidence establishing that she and Plaintiff entered into a retainer agreement on September 25, 2006, providing for a contingent fee equal to "25% of all past-due benefits awarded pursuant to any favorable determination" (filing 26-2); that on December 10, 2007, following a remand hearing before a different ALJ as ordered by this court, a fully favorable decision was entered for Plaintiff (filing 26, ¶ 5); that the Commissioner issued a Notice of Award on September 2, 2008, which stated that $16,921.75 was being withheld from Plaintiff's past-due benefits for payment of a 25% contingent attorney fee (filing 26-3); that a total of 51.05 hours of attorney time plus 4.35 hours of paralegal time were devoted to this matter between February 26, 2003, and October 2, 2008 (filing 26-4); and that Plaintiff signed a declaration on October 4, 2008, stating that he was satisfied with his counsel's services and has no objection to the payment of attorney fees in the amount of $16,921.75 (filing 26-5).[2]   The Commissioner has also filed a statement that he "does not contest payment of attorney fees, pursuant to 42 U.S.C. § 406(b) in the total amount of $16,921.75," provided that Plaintiff's counsel refunds to Plaintiff the previously awarded EAJA attorney fee in the amount of $1,795.62.  (Filing 32).  Plaintiff's counsel included such a refund provision in the pending motion.

On the evidence presented, and in the absence of any objection, I find that the amount of the attorney fees requested is reasonable.  I therefore will grant the motion for attorney fees pursuant to 42 U.S.C. § 406(b), in the amount of $16,921.75, and will order Plaintiff's counsel to refund to Plaintiff the $1,795.62 in attorney fees previously awarded under the EAJA.

Accordingly,

---

[2] Plaintiff's counsel states that the amount withheld is less than 25% of the total past-due Title II benefits awarded (of $68,973.50), but that "she is not objecting to the calculation as stated [in the Notice of Award]."  (Filing 26, ¶ 6.)

2

IT IS ORDERED:

1.      The motion for attorney fees pursuant to 42 U.S.C. § 406(b) filed by Plaintiff's counsel  (filing 26) is granted, and the amount of $16,921.75 shall be paid directly to Plaintiff's counsel from the past-due benefits that were withheld by the Social Security Administration for payment of an authorized attorney fee.

2.      Plaintiff's counsel is directed to refund to Plaintiff $1,795.62, which is the amount of attorney fees previously awarded under the EAJA.

3.      Judgment shall be entered by separate document.

November 18, 2008.                        BY THE COURT:

                                          s/ *Richard G. Kopf*
                                          United States District Judge